## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **WILLIAM TAYLOR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **No. 1:10-cv-00340-TDS-WWD** |
| | § | |
| **v.** | § | |
| | § | |
| **DOLGENCORP, INC.,** | § | |
| **Defendant.** | § | |

### JOINT MOTION FOR ORDER APPROVING INDIVIDUAL SETTLEMENT

Plaintiff William Taylor ("Plaintiff") and Defendant Dolgencorp, Inc. ("Defendant" or "Dollar General") (collectively referred to herein as "Parties") file this Joint Motion for Order Approving Individual Settlements, and would show the Court as follows:

### I.
### INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Plaintiff and Defendant jointly request that the Court enter a stipulated order approving the individual settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's asserted entitlement to damages under the FLSA. The Parties have carefully and exhaustively negotiated an individual settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the individual settlement agreement, which is described below (the "Agreement").

The Parties now seek approval of the individual settlement. Although the Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to

the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. *See also Boone v. City of Suffolk, Va.*, 79 F. Supp.2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court).

The Parties request that this Court consider this individual settlement under the procedures and standards set forth in *Lynn's Food Stores,* 679 F.2d at 1350. The Court will find, after scrutinizing the settlement, that the agreement is fair and should be approved. The settlement agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which the Plaintiff was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.
### PROCEDURAL HISTORY

Plaintiff filed this lawsuit in the United States District Court for the Northern District of Alabama, Western Division on or around August 8, 2006, alleging that Defendant violated the FLSA. Defendant filed its Original Answer on or around September 5, 2006. This case was transferred to this jurisdiction on our around April 26, 2010. This Plaintiff has now reached an agreed settlement as to Plaintiff's claims in Plaintiff's individual lawsuit with Defendant.

Plaintiff claims that Plaintiff worked for the Defendant and was misclassified as an exempt employee. Plaintiff alleged Plaintiff regularly worked more than 40 hours in a workweek. As a result, Plaintiff contends that Plaintiff was denied overtime owed to Plaintiff for hours worked in excess of 40 in any workweek. Defendant denies that Plaintiff was misclassified. Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation.

## III.
## THE COURT SHOULD APPROVE THE AGREEMENT

This Court should approve this Agreement because the settlement is the product of robustly contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues. The settlement provisions also are fair and reasonable.

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages, or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Both Plaintiff and Defendant request this Court to approve the Parties' individual settlement agreement.

A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA Settlement:

1. Was the settlement achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect their rights?

3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

4. Is the settlement fair?

*Id*. at 1353-54.

The Agreed Stipulation, attached as **Exhibit 1** hereto, reveals that the settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. The

settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA. Furthermore, the Parties have agreed in the Agreed Stipulation that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiff.

Here, the settlement is fair and reasonable. Plaintiff may get nothing if this case were to proceed through trial. Even if Plaintiff was to prevail at trial on the issue of liability, a process likely to consume several more months, Plaintiff's damages might not exceed the amount to which Plaintiff has agreed to settle at this stage. Finally, the settlement is the product of arms-length bargaining conducted by experienced legal counsel. The Court should, in any event, take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiff's attorneys are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

In a series of cases involving Dollar General Store Managers in another jurisdiction, summary judgment was granted as to seven Plaintiffs, only to be subsequently vacated on appeal and then later denied. *See Allen v. Dolgencorp, Inc.*, 513 F. Supp. 2d 1215 (N.D. Ala. 2007)

*rev'd and vacated by* 2008 U.S. App. LEXIS 11506 (11th Cir. Ala. May 23, 2008). Accordingly, none of the Parties could reasonably have any level of certainty as to the ultimate probability of success.

## IV.
### ADDITIONAL FACTORS TO CONSIDER IN ASSESSING
### REASONABLENESS OF SETTLEMENTS

Defendant asserts that its potential exposure in Plaintiff's individual claim is minimal, if any. Defendant's position is based, among other things, on the fact that other federal courts have ruled that Dollar General Store Managers are exempt managerial employees whose primary duty is management, including ten such opinions in the past year alone. *See King v. Dolgencorp* (No. 3:09-cv-00146 (M.D. Pa. May 6, 2010)); *Johnson v. DG Retail* (No. 1:08-cv-123, 2010 U.S. Dist. LEXIS 47416 (D. Utah May 13, 2010)); *Noble v. Dolgencorp* (No. 5:09-cv-00049 (S.D. Miss. May 11, 2010)); *Hartman v. Dolgencorp of Texas, Inc.* (No. 6:09-cv-000009 (N.D. Tex. June 24, 2010)); *Mayne-Harrison v. Dolgencorp, Inc.* (No. 1:09-cv-42 (N.D. W.Va. September 17, 2010)); *Roberts v. Dolgencorp, Inc.* (No. 2:09-cv-0005 (M.D. Tenn. November 18, 2010)); *Speak v. Dolgencorp of Texas, Inc.* (No. 3:09-cv-124-F (N.D. Tex. December 28, 2010)); *Brown-Harrison v. Dolgencorp of Texas, Inc.* (No. 3:09-cv-116-F (N.D. Tex. December 28, 2010)); *Ravas-Houllion v. Dolgencorp, Inc.* (No. 4:09-cv-57-BR (E.D. North Carolina January 19, 2011)); and *Rogers-Andrews v. Dolgencorp, Inc.* (No. 4:09-cv-58-BR (E.D. North Carolina January 19, 2011)); *see also, Bledsoe v. Dolgencorp, Inc.* (C/A No. 3:99-3761-17 (D.S.C. October 4, 2000)). Attached as **Exhibits 2-11** are true and correct copies of these opinions for the Court's consideration in relation to this Motion.

The Parties have entered into a proposed individual confidential settlement agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the

Court's approval, would like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the Fair Labor Standards Act.

Following the Parties' extensive negotiations, Plaintiff reached a confidential settlement agreement with Defendant. While not intending to waive the confidential nature of the settlement agreement, the Parties are willing to submit the exact amount of the settlement, or the settlement agreement itself, for *in camera* inspection (or, alternatively, to file the same under seal) to enable the Court to assess the reasonableness of the settlements if requested to do so.

### V.
### CONCLUSION

The Parties believe that the settlement reached was a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request the Court approve the individual settlement and enter the Proposed Order. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of these actions in accordance with FED. R. CIV. P. 1.

Respectfully submitted this the 16th day of May, 2011.


/s/ Lance Gould
Roman A. Shaul
Charles Lance Gould
**BEASLEY, ALLEN, CROW, METHVIN,**
  **PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103-4160
Telephone: 334.269.2343
Facsimile:  334.954.7555
roman.shaul@beasleyallen.com
lance.gould@beasleyallen.com

Michelle Price Massingale
Brett E. Dressler
**SELLERS HINSHAW AYERS DORTCH**
  **& LYONS, P.A.**
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
Telephone: 704-377-5050
Facsimile: 704-339-0172
mmassingale@sellershinshaw.com
bdressler@sellershinshal.com

**ATTORNEYS FOR PLAINTIFF**

/s/Joel S. Allen
Ronald E. Manthey
Texas Bar No. 12927400
Joel S. Allen
Texas Bar No. 00795069
Melissa M. Hensley
Texas Bar No. 00792578
Farin Khosravi
Texas Bar No. 24043753
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone: 214.466.4000
Facsimile:  214.466.4001
ron.manthey@morganlewis.com
joel.allen@morganlewis.com
melissa.hensley@morganlewis.com
farin.khosravi@morganlewis.com

Michael L. Wade, Jr.
NC Bar No. 33520
**OGLETREE DEAKINS NASH**
  **SMOAK & STEWART, PC**
201 South College St., Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile:  704.342.4379
michael.wade@odnss.com

**ATTORNEY FOR DEFENDANT**
**DOLGENCORP, INC.**