UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

FILED
OCT 4 2000
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Joyce Bledsoe | C/A No. 3:99-3761-17 |
| Plaintiffs, | |
| vs. | ORDER |
| Dolgencorp d/b/a Dollar General | |
| Defendants. | |

ENTERED OCT 2000

This matter came before the court on two motions: (1) Defendant's Motion for Summary Judgement, and (2) Plaintiff's Motion for Partial Summary Judgement. On September 27, 2000, the court heard oral argument from the parties on the motions. It now grants the Defendant's Motion for Summary Judgment and denies the Plaintiff's Motion for Partial Summary Judgment.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden

AO 72A
(Rev.8/82)

**EXHIBIT 2**
Case 1:10-cv-00340-TDS-WWD   Document 30-2   Filed 05/16/11   Page 1 of 9

of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## FACTUAL BACKGROUND

Plaintiff Joyce Bledsoe ("Bledsoe") initiated an action under FLSA to recover overtime wages alleging that she was improperly classified as an exempt employee. Defendant corporation ("Dollar General") filed a Motion for Summary Judgment on August 21, 2000, asserting that Bledsoe qualified as an exempt employee and was not entitled to overtime pay. Bledsoe filed a Motion for Partial Summary Judgment on the same day, August 21, 2000, asserting that although she was paid more than $250 per week and regularly supervised two or more employees, a question existed as to the "primary duty" exception of the executive exemption. Bledsoe also asserted that Dollar General did not meet its burden of proof under the clear and convincing standard. Viewed in the light most favorable to the non-moving party, the facts are as follows:

Bledsoe was employed by Dollar General at three different locations as store manager from September 1995 through October 1, 1999.[1] Initially, Bledsoe was paid on an hourly basis and received overtime compensation for hours worked beyond 40 per week. In October 1995, Bledsoe

---

[1] Bledsoe was on Leave of Absence for a worker's compensation injury for ten months, May 1998-March 1999.

and other store managers completed a survey to determine how store managers were spending their time and to determine whether managers were eligible for treatment as exempt employees under the Fair Labor Standards Act ("FLSA"). In May 1996, Bledsoe was converted from an hourly to a salary employee, classified as exempt, and was no longer paid overtime compensation for hours worked in excess of 40 per week. On May 22, 1996, Bledsoe signed an "Exempt Certification" form stipulating that she met the requirements of exempt pay status. The listed criteria included: (1) supervise at least 80 clerk hours per week; (2) salary of $250.00 per week or more; and (3) spend at least 51% of time each week in exempt "management/supervisory functions." Upon reclassification Bledsoe was initially paid a salary of $403 per week; later, her salary increased incrementally and by April 1998, Bledsoe was paid $473 per week.

## LAW/ANALYSIS

### A. The Fair Labor Standards Act

The FLSA requires employers to pay employees overtime for hours worked in excess of forty per week. 29 U.S.C. § 207(a). This act also contains an exemption for administrative or executive employees.

### 1. The Bona Fide Executive Exemption

Under the FLSA, certain categories of employment are exempt from the statute's otherwise mandatory overtime provision. One such exemption, the "bona fide executive" exemption, provides that "[t]he provisions of . . . section 207 of this title shall not apply with respect to—(1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1).

> Store managers are frequently held to be exempt under the executive category. See, e.g., *Murray v. Stuckey's, Inc.*, 50 F.3d 564, 570 (8th Cir.) (convenience store managers), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995);

AO 72A
(Rev.8/82)

> *Donovan v. Burger King Corp.*, 675 F.2d 516, 520-22 (2d Cir.1982) (fast food restaurant assistant managers); *Masilionis v. Falley's, Inc.*, 904 F.Supp. 1224, 1229-30 (D.Kan.1995) (produce manager of a grocery store); *Meyer v. Worsley Cos.*, 881 F.Supp. 1012, 1017-21 (E.D.N.C.1994) (Scotchman store manager).

*Stricker v. Eastern Off Road Equip., Inc.*, 935 F.Supp 650, 654 (D. Md. 1996).

Two tests are used to determine if an employee qualifies for exemption, the long test and the short test. Under the short test, applicable in this case, an employee is exempt if: (1) she is paid, on a salary basis, $250 or more per week; (2) her primary duty consists of the management of the enterprise or of a customarily recognized department or subdivision thereof; and (3) her duties include the customary and regular direction of the work of two or more other employees. 29 CFR § 541.1(f); *Horne v. Crown Central Petroleum, Inc.*, 775 F. Supp. 189 (D.S.C. 1991).

**2. Primary Duty**

Whether an employee has management as a primary duty is determined on a case-by-case basis. §29 C.F.R. 541.103 (2000).

> There are five factors set forth in § 541.103 to determine if management is the primary duty of an employee: (i) the amount of time spent in the performance of the managerial duties; (ii) the relative importance of the managerial duties as compared with other types of duties; (iii) the frequency with which the employee exercises discretionary powers; (iv) the employee's relative freedom from supervision; and (v) the relationship between the employee's salary and the wages paid other employees for non-exempt work.

*Haines v. Southern Retailers, Inc.*, 939 F. Supp. 441, 448 (E.D. Va. 1996).

In addition to these factors, the code gives an example of what would be considered management.

> For example, in some departments, or subdivisions of an establishment, an employee has broad responsibilities similar to those of the owner or manager of the establishment, but generally spends more than 50 percent of his time in production or sales work. While engaged in such work he supervises other employees, directs the work or warehouse and delivery men, approves advertising, orders merchandise, handles customer complaints, authorizes payment of bills, or performs other management duties as the day-to-day operations require. He will then be considered

AO 72A
(Rev.8/82)

to have management as his primary duty.

§29 C.F.R. 541.103 (2000).

### 3. Clear and Convincing Standard of Proof

"[T]he burden is on the [employer] to show by clear and affirmative evidence that it is entitled to the FLSA exception." *Rotondo v. City of Georgetown*, 869 F. Supp. 369, 373 (D.S.C. 1994). Bledsoe argues that Dollar General cannot make a case for summary judgment under the "clear and convincing" burden of proof when comparing Bledsoe's managerial duties to her non-managerial duties. The court disagrees. Bledsoe contends that although *Horne v. Crown Central Petroleum* contains "arguably analogous circumstances," it did not examine the applicable burden of proof and pre-dates the explicit adoption by the Fourth Circuit in *Shockley v. City of Newport*, 997 F.2d 18 (4th Cir. 1993) of the "clear and convincing" burden for FLSA exemptions. Although this court did not address the standard of proof in *Horne*, the Fourth Circuit adopted the clear and convincing standard seven years prior to the *Shockley* decision in *Clark v. J.M. Benson Co., Inc.*, 789 F.2d 282, 286 (4th Cir. 1986)(finding that the employer asserting an exemption has the burden of establishing the requirements by clear and affirmative evidence). The *Horne* court was obviously aware of the *Clark* decision, as it cited that case for the establishment of the applicability of the short test.

### B. Dollar General's Motion for Summary Judgment

Dollar General asserts that under the FLSA short test, Bledsoe qualified as an exempt employee. "As a foundational matter, '[e]xemptions from or exceptions to the Act's requirements are to be narrowly construed against the employer asserting them.'" *Rotondo v. City of Georgetown*, 869 F.Supp. 369 (D.S.C. 1994) (quoting *Johnson v. City of Columbia*, 949 F.2d 127, 129-30 (4th Cir. 1991)).

Bledsoe's claim is that she did not meet all of the criteria for exemption because her primary

duties were not material. Bledsoe first argues that there is a genuine issue of material fact that she spent more than 50% of her time in management duties. However, as this court stated in *Horne*, "[t]hat the amount of time spent on non-management tasks is greater than 50 percent is not dispositive, particularly when non-management duties are performed simultaneous to the supervision of employees or other management tasks . . . ." *Horne* at 190.

Under the relative importance factor, Bledsoe asserts that the significance of the duties she performed is a question of fact. She argues that the quantity of time spent performing non-exempt work is persuasive on that point–that because so much time was spent on non-exempt work, those tasks were more important than managerial tasks. The court disagrees with this analysis. In *Horne*, the court stated that relative importance was "a measure of the significance of the managerial tasks to the success of the facility." *Horne* at 190 (citing *Donovan v. Burger King Corp.*, 675 F.2d 516 (2d Cir. 1982)). Like the plaintiff in *Horne*, Bledsoe received a salary bonus (TEAMSHARE) tied to the store's profitability. The TEAMSHARE bonus is 15 percent of the store's net profit. Of that amount, store managers receive 10 percent, assistant managers receive 3 percent, and the remaining 2 percent is divided among the clerks. The store manager decides how the percentage is divided among the clerks. (Bledsoe Deposition, p. 53).

Bledsoe argues that she does not meet the third and fourth factors under the primary duty analysis because her discretion in managing the store was "highly circumscribed by company policy" and by the supervision of the District Manager. This argument is unpersuasive because "[e]nsuring that company policies are carried out constitutes the 'very essence of supervisory work.'" *Donovan v. Burger King Corp.*, 672 F.2d 221, 226 (1st Cir. 1982). Also, Bledsoe's decisions were the type that involved the exercise of independent judgment. Bledsoe was responsible for organizing the store, supervising and evaluating the store employees, and hiring new employees. (Bledsoe Deposition, pp.

AO 72A
(Rev.8/82)

Case 1:10-cv-00340-TDS-WWD   Document 30-2   Filed 05/16/11   Page 6 of 9

29, 38, 44). Some of these decisions, such as employee evaluations and setting employee rates of pay, required District Manager approval, but this did not mean that they were any less managerial. (Bledsoe Deposition, pp. 38, 44). "Although the decisions in question must be of significance, they need not be immune from review, revision, or reversal. The types of decisions that qualify may be in the form of recommendations to superiors and subject to review and approval." *Stricker v. Eastern Off Road Equip., Inc.* 935 F. Supp. 650, 656 (D. Md. 1996).

Bledsoe argues against the factor comparing her salary and other employee wages as not dispositive because although she is paid more than the clerks, once she was switched to exempt and paid a fixed salary, her pay was reduced because she was no longer compensated for overtime hours worked. The court disagrees with this analysis. The fifth factor considers the pay difference between the store manager and the other non-exempt employees, not the difference between the store manager's pay if classified as exempt versus non-exempt. Bledsoe's weekly salary was $403 when she was first named as store manager and later increased to $473 per week. Assistant managers and clerks were paid in the range of $7.50 to $6.00 per hour ($300 to $240 per 40 hour week). Because Bledsoe, as store manager, was compensated at a rate higher than the other store employees, to pay her overtime would result in a windfall. *See Haines v. Southern Retailers, Inc.*, 939 F. Supp. at 451.

Viewing the facts in the light most favorable to the non-moving party, the court finds that there are no genuine issues of material fact in dispute so as to preclude the court's granting of summary judgment to Dollar General.

## C. Bledsoe's Motion for Partial Summary Judgment

### 1. Primary Duty Argument

Bledsoe asserts in her motion for partial summary judgment that the facts create such a large question with regard to whether she met the requirements of the primary duty element of the FLSA

short test for executive exemption that Dollar General could not carry its burden at trial. Dollar General refutes this argument by citing several examples from Bledsoe's deposition that establish management as her primary duty. As discussed above, these kinds of functions are the type that the regulations consider managerial duties.

### 2. Concern with Exempt Classification

Bledsoe states that she did not want to be classified as an exempt employee, but felt she had to sign the Certification of Exempt Status form if she wanted to keep her job. (Bledsoe Deposition, p. 68). Bledsoe also states that she discussed her concerns with the District Manager and other Store Managers. However, Al Crosby (District Manager) denies that she complained to him and Jerry Kotula (Store Manager) denies having a conversation with Bledsoe regarding her exempt status. (Crosby Affidavit, ¶ 5; Kotula Deposition, p. 14). Even if Bledsoe's complaints about her status are a question of fact, that particular issue is not an appropriate action in this case because she continued to work for another three years (minus the 10-month leave of absence) without taking any further action.

> An employee's continuous employment is evidence of an implied agreement with the pay system of the employer. There is, however, no per se rule that continued employment conclusively establishes an agreement. Rather, the evidence in each case must be examined. Our decisions have made clear that we will not approve employer actions that place the employee in a situation of economic duress, but we will not allow employees merely to grumble about the compensation scheme and then later spring a surprise attack on an employer who has tried to comply with the options that the FLSA provides.

*Rotondo* at 374 (quoting *Holb v. City of Beaufort*, 1993 WL 219806 (4th Cir.)(unpublished opinion)).

### 3. Willful Violation of the FLSA

A cause of action for unpaid overtime may be brought within three years for a claim arising out of a willful violation of the act. 29 U.S.C. § 255 (a). A violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). A violation of the FLSA may entitle the plaintiff to compensatory and liquidated damages. Only where the employer meets a "plain and substantial" burden of showing that its failure to obey the statute was both in good faith and predicated upon reasonable grounds, may the court exercise its discretion to deny liquidated damages. *Mayhew v. Wells*, 125 F.3d 216 (4th Cir. 1997).

Bledsoe asserts that because her District Managers were aware of the type of work she was doing (non-exempt), Dollar General's violation of the FLSA was willful and it is not entitled to a discretionary reduction in liquidated damages. The court disagrees. Even if Dollar General could not show that Bledsoe met the qualifications for an exempt employee, the evidence does not indicate a reckless disregard for Bledsoe's classification under the statute.

## CONCLUSION

After careful examination of the facts as presented by both sides in this case, and consideration of the arguments of counsel presented at oral argument, the court does not find that the evidence creates a genuine issue of fact as to whether Bledsoe qualifies as an exempt employee. Under the five-factor analysis for exemptions contained in the regulations pertaining to the FLSA, even though Bledsoe performed non-management tasks, her primary duty was management of the store. The defendant having met the burden under the short test for exemption, Bledsoe's remaining arguments for willful violation of the FLSA and for damages are no longer applicable.

IT IS SO ORDERED.

Judge Joseph F. Anderson, Jr.
United States District Judge

October 3, 2000
Columbia, South Carolina